UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MONIQUE EPPERSON,

        Plaintiff,

        v.

WYNN LAS VEGAS, LLC and
BARTENDERS LOCAL UNION 165,

        Defendants.

Case No. 2:25-cv-02320-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint alleging various wrongs that appear, in large part, to relate to her rights under a collective bargaining agreement ("CBA") between Wynn Las Vegas and the Bartenders Union Local 165 (the "Bartenders Union" or the "Union"). ECF No. 1-1. Plaintiff's IFP application is granted below. The Court proceeds with screening her Complaint.

**I.      Screening Standard**

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

1

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.      Plaintiff's Counts I and II Alleging Breach of Collective Bargaining Agreement Against Wynn Las Vegas and Breach of the Duty of Fair Representation Against the Bartenders Union.**

Relevant to these claims, Plaintiff alleges she was employed by Wynn Las Vegas as a Union represented employee. Plaintiff filed grievances with the Bartenders Union on three occasions regarding her suspensions and termination. ECF No. 1-1 at 2. The Union is alleged to have failed to advance these grievances to arbitration despite valid evidence and a duty to do so, as well as by ignoring required time limits and possibly colluding with Wynn. *Id.* at 2-3. Plaintiff further alleges she was denied contractual remedies including arbitration, reinstatement, and settlement opportunities, and asserts the Union's actions were arbitrary, discriminatory, and in bad faith. *Id*. at 3.

Where a breach of a CBA is alleged, a plaintiff may generally bring one of two types of claims. *Vaca v. Sipes*, 386 U.S. 171 (1967). First, a plaintiff may bring what is often termed a "straightforward" § 301 claim alleging a breach of the CBA against her employer without accompanying allegations that a union breached its duty of fair representation. *Greer v. Pac. Gas & Elec. Co.*, 265 F. Supp. 3d 1053, 1068 (E.D. Cal. 2017) (citing *Vaca*, 386 U.S. 171 (explaining the difference between a straightforward breach of contract suit claim asserted under § 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) and a hybrid § 301/fair representation claim)). A straightforward § 301 claim is brought "directly" against an employer and involves the employee's "uniquely personal rights" including "wages, hours, [o]vertime pay, and wrongful discharge." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 511 (9th Cir. 1978) (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976)). However, before bringing such a claim, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the

collective bargaining agreement ..." and "[s]ubject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement." *Vaca*, 386 U.S. at 183-84.

Second, plaintiffs may bring a lawsuit alleging breach of a CBA, regardless of a final and binding dispute resolution process in the CBA, if they also allege that the Union breached its duty of fair representation. *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 164 (1983) ("In *Vaca* and *Hines* … we recognized that … [exhaustion] works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding"). This type of claim is referred to as a "hybrid" § 301 claim. *Id*. at 165 ("The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. The suit is thus not a straightforward breach of contract suit under § 301, …, but a hybrid § 301/fair representation claim."). Unlike a straightforward § 301 claim, judicial review of a hybrid § 301 claim is not precluded when an employee fails to exhaust the dispute resolution process in the CBA. *Soremekun v. Thrifty Payless, Inc*., 509 F.3d 978, 986 (9th Cir. 2007).

"Unions have broad discretion to act in what they perceive to be their members' best interests." *Moore v. Bechtel Power Corp*., 840 F.2d 634, 636 (9th Cir. 1988) (citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 337-39 (1953)). However, a union may breach its duty of fair representation to its members "when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Demetris v. Transp. Workers Union of Am., AFL-CIO*, 862 F.3d 799, 805 (9th Cir. 2017) (quoting *Marquez v. Screen Actors Guild, Inc*., 525 U.S. 33, 44 (1998). Plaintiffs bear the burden of proving that a union breached such duty. *Id*. (citing *Beck v. United Food & Commercial Workers Union*, 506 F.3d 874, 879 (9th Cir. 2007)). "[A] union's conduct generally is not arbitrary when the union exercises its judgment." *Id*. (citing *Beck*, 506 F.3d at 879; *Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985)). *McNealy v. Caterpillar, Inc.*, 139 F.3d 1113, 1124 (7th Cir. 1998) ("When an employee seeks to bring a § 301 suit against his employer, he

3

must allege a hybrid cause of action—first a claim of breach of fair representation against the union and then a § 301 cause of action against the employer.").

Here, it appears Plaintiff is seeking to bring a hybrid § 301 claim as the breach of contract claim against the Wynn is based on or directly tied to the Union's alleged failure to fulfill its duty of fair representation. On its face, the Court finds Plaintiff alleges just enough facts to state her claim. ECF No. 1-1 ¶¶ 10-12, 15-18. Accordingly, this claim may proceed.

**III.    Plaintiff's Retaliation and Interference with Protected Rights Claim**.

A.      Plaintiff's Claims Fail to the Extent She Alleges Violations of Title VII.

To the extent Plaintiff is asserting an interference or retaliation claim for engaging in protected activity under Title VII of the1964 Civil Rights Act against Wynn Las Vegas, *see* ECF No. 1-1 ¶¶ 13, 14, and 29, her instant claim duplicates claims that are proceeding in *Epperson v. Wynn Las Vegas*, Case No. 25-cv-02169-APG-EJY. Plaintiff may not maintain a claim involving the same subject matter, against the same defendant, in the same court in two different cases. *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), (cleaned up) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."); *Almaznai v. S-L Distr. Co.*, Case No. 20-cv-08487-JST, 2021 WL 4457025, at *5 n.5 (N.D. Cal. June 21, 2021) ("Two actions are in the 'same court' within the meaning of the claim-splitting doctrine when both were filed in federal court."). Thus, Plaintiff's attempt to bring claims against Wynn Las Vegas under Title VII are dismissed with prejudice.

Claims against the Bartenders Union arising from an alleged violation of Title VII based on Plaintiff's supposed protected activity under this statutory scheme fails because Plaintiff does not allege facts showing she exhausted her administrative remedies. Plaintiff's failure to demonstrate she exhausted administrative remedies before the EEOC precludes this claim from proceeding in federal court. *Austin v. City of Oakland*, Case No. 17-cv-03284 YGR, 2018 WL 2427679, at *4 (N.D. Cal. May 30, 2018).

Separately, Plaintiff states no facts in support of her conclusion that she was retaliated against by the Union for filing an EEOC charge or otherwise engaging in Title VII protected activity. Instead, Plaintiff states retaliation as a conclusion untethered to her claim that the Bartenders Union failed to process grievances.  Union activity is not within the scope of Title VII's protected activity. *Ting v. Adams & Assocs., Inc.*, Case No. 2:16-cv-01309-TLN-KJN, 2017 WL 4422508, at *4 (E.D. Cal. Oct. 5, 2017) (dismissing retaliation claim based on plaintiff's union membership, finding Title VII does not protect such membership or activities).  Otherwise, all Plaintiff states in her Complaint is that the Wynn Las Vegas and Bartenders Union "retaliated" against her "in violation of federal law." ECF No. 1-1 at 4.  This statement is insufficient to state a colorable claim decipherable by the Court.  Labels and conclusions, lacking factual enhancement are insufficient to state a claim. *Iqbal*, 556 U.S. at 664.  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).  Plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level." *Id.*  Plaintiff's failure to demonstrate she exhausted her claims and bald conclusory statement regarding interference and retaliation by the Bartenders Union lead the Court to dismiss these allegations without prejudice and with leave to amend.

Finally, if Plaintiff is contending the Wynn Las Vegas and Bartenders Union refused to proceed with grievances and arbitration in violation of her rights arising under the Labor Management Relations Act, she restates her § 301 hybrid claim, which the Court allows to proceed above.

**IV.    Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that Plaintiff's Complaint alleging a hybrid § 301 claim against Wynn Las Vegas and the Bartenders Union (collectively, Count I asserted as Breach of Collective Bargaining Agreement and Count II asserted as Breach of Duty of Fair Representation) may proceed.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff two USM-285 forms, which she must complete, to the best of her ability to do so, and return **no later than March 27, 2026** to the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to check the Nevada Secretary of State Business Entity Search website for Wynn Las Vegas's registered agent upon whom service must be made.  Plaintiff is also advised to investigate on whom her Complaint against the Bartenders Union may be properly served.

IT IS FURTHER ORDERED that the Clerk of Court must issue Summonses for Wynn Las Vegas and Bartenders Union Local 165 a/w UNITE HERE and deliver the same to the U.S. Marshal Service together with two copies of Plaintiff's Complaint (ECF No. 1-1) and two copies of this Order.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service of the Complaint, the Summons, and a copy of this Order on Wynn Las Vegas within twenty-one (21) days of receipt of Plaintiff's completed USM-285 forms.

IT IS FURTHER ORDERED that Plaintiff's claims in Count III asserted under Title VII against Wynn Las Vegas are dismissed with prejudice as duplicative of claims already pending before this Court in Case No. 25-cv-02169-APG-EJY.

IT IS FURTHER ORDERED that Plaintiff's Count III interference and retaliation claim asserted against Wynn Las Vegas and the Bartenders Union is dismissed with prejudice to the extent it restates her hybrid § 301 claim.

IT IS FURTHER ORDERED that Plaintiff's claim asserting interference and retaliation against the Bartenders Union under Title VII is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's interference and retaliation claim against the Bartenders Union otherwise under "federal law" is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, she **must** do so no later than **March 27, 2026**. The amended complaint **must** be titled "FIRST AMENDED COMPLAINT" and **must** include all claims Plaintiff seeks to assert **except those dismissed with prejudice** (that is, the claims against Wynn Las Vegas arising under Title VII). If Plaintiff fails to include a claim, even one that is currently allowed to proceed in her first amended complaint, that claim will no longer exist because the first amended complaint supersedes—supplants—Plaintiff's original Complaint as if the original Complaint never existed.

Plaintiff may choose **not** to file a first amended complaint. If Plaintiff does not file a first amended complaint, the original Complaint will be the operative Complaint and her case will proceed against Wynn Las Vegas and the Bartenders Union on her Hybrid Section 301 claim.

Dated this 3rd day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

7